CAUSE NO. _____

| | | |
|---|---|---|
| **SUSAN CASSIDY A/N/F of ERNEST CASSIDY** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| v. | § § | **BEXAR COUNTY, TEXAS** |
| **VA SOUTH TEXAS HEALTH CARE** | § § § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Susan Cassidy complains of Defendant VA South Texas Health Care (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4. Plaintiff Susan Cassidy is an individual residing in Bexar County, Texas.

5. Plaintiff Ernest Cassidy is an individual residing in Bexar County, Texas.

5. Defendant, VA South Texas Health Care, (hereinafter "Defendant"), is a Federal entity engaged in business in Bexar County, Texas. Defendant may be served with process through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about July 20, 2021. At that time, Plaintiff Ernest Cassidy was an invitee at Defendant's clinic, Datapoint VA Clinic, at 8410 Datapoint Drive, San Antonio, Texas 78229, in Bexar County, Texas. Plaintiff Ernest Cassidy was exiting the facility when he was struck by the automatic doors closing at the exit. The impact caused Plaintiff Ernest Cassidy to dislodge him from his walker, to lose his balance, and fall on the ground. The collision with the ground of Defendants clinic caused Plaintiff Ernest Cassidy to suffer severe injuries to his leg, including fracturing his femur, and to other parts of her body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7. At the time of the incident in question, Plaintiff was an invitee to the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make the defective condition existing on Defendant's premises safe.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including doors, floor, and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## **Damages**

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Duty to Disclose

15. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

16. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

17. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Jury Demand

18. Plaintiff hereby demands a trial by jury.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional

limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

                                                Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Michael H. Garatoni*
**Michael H. Garatoni**
Texas State Bar No. 24089685
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**